**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3638-18T2

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

ANDRE L. URLIN,

     Defendant-Appellant.

_____

Argued telephonically April 22, 2020 – Decided May 12, 2020

Before Judges Fuentes and Mayer.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Indictment No. 17-12-1220.

Faugno & Associates, attorneys for appellant (Paul A. Faugno, on the brief).[1]

---

[1] Telephonic argument in this matter was scheduled for 1:00 p.m. on April 22, 2020. At 1:05 p.m., because defendant's counsel had not entered an appearance, we deemed defense counsel's appearance waived. The State's appellate counsel opted to rely on the State's brief. We did not receive any explanation from defendant's counsel for his failure to appear. We have considered defendant's written arguments as set forth in his merits brief.

Ali Y. Ozbek, Assistant Prosecutor, argued the cause for respondent (Camelia M. Valdes, Passaic County Prosecutor, attorney; Ali Y. Ozbek, of counsel and on the brief).

PER CURIAM

Defendant Andre Urlin appeals from the denial of his motion to dismiss an indictment charging him under N.J.S.A. 2C:40-26(b) with the fourth-degree crime of operating a motor vehicle during a period of license suspension for a second or subsequent violation of driving while intoxicated (DWI), N.J.S.A. 39:4-50. We affirm.

The facts are undisputed. While driving his car on February 4, 2017, defendant was lawfully stopped by a law enforcement officer in the City of Clifton. At the time of the motor vehicle stop, defendant's driver's license was suspended as a result of a second or subsequent DWI violation.[2] Defendant received a summons for driving while his license was suspended in accordance with N.J.S.A. 39:3-40 of the motor vehicle code.

Although the case commenced in the municipal court for the City of Clifton, the municipal prosecutor referred the matter to the Passaic County

---

[2] Defendant was convicted of DWI in 2002, 2011, and 2012. A person with three or more DWI convictions forfeits "the right to operate a motor vehicle over the highways of this State for eight years." N.J.S.A. 39:4-50(a)(3).

Prosecutor's Office. On December 19, 2017, a Passaic County grand jury indicted defendant under the criminal statute, N.J.S.A. 2C:40-26(b), for operating a vehicle while his license was suspended.

Defendant moved to dismiss the indictment, arguing an ambiguity between the criminal statute, N.J.S.A. 2C:40-26, and the motor vehicle code, N.J.S.A. 39:3-40, resulting in a violation of his right to due process. Defendant claimed the statutes conflict because they impose different sentences for the same offense of driving while suspended. He asserted a person of ordinary intelligence would not know the conduct prohibited or the consequences flowing from that conduct. He also contended the two statutes provided the prosecutor with "unfettered and unbridled discretion to pick and cho[o]se which statute to proceed upon" for those charged with driving while suspended.

After hearing counsels' arguments, the judge rendered a December 10, 2018 oral decision and a February 25, 2019 supplemental written decision, denying defendant's motion to dismiss the indictment. The judge concluded

> the two statutes at issue (N.J.S.A. 39:3-40 and N.J.S.A. 2C:40-26) are not, either standing alone or in concert with each other, ambiguous or inconsistent, do not punish the same conduct, and that this defendant as well as others similarly situated (i.e., those who previously pled to a D.W.I. under N.J.S.A. 39:4-50), were put on notice about potential penal consequences for driving while suspended during the punitive period.

3

The judge explained

> the language of the statute coupled with the [n]otice provided to the defendant [when he pled guilty in 2012] was sufficient enough to provide him with notice of what the punishment would be and thus, as applied to this defendant, the statutes were not vague or ambiguous. This defendant had actual notice of the prohibited conduct, and the penalties for violating such.

After denial of his motion to dismiss, defendant pled guilty to the indicted charge subject to his right to appeal. He was sentenced to probation for two years following a period of 180 days to be served in the county's correctional facility. The judge stayed the sentence pending defendant's appeal.

On appeal, defendant argues:

> THE LOWER COURT'S DETERMINATION THAT THE APPLICABLE STATUTES WERE NOT FACIALLY VAGUE AND/OR AS APPLIED WAS ERRONEOUS.

A denial of a motion to dismiss an indictment is reviewed for abuse of discretion. State v. Hogan, 144 N.J. 216, 299 (1996). A grand jury indictment will only be disturbed if the indictment is "manifestly deficient or palpably defective." Ibid. However, where the issue raised in a motion to dismiss an indictment is purely legal, our review is de novo. State v. Twiggs, 233 N.J. 513, 532 (2018).

Defendant contends the criminal statute, N.J.S.A. 2C:40-26, and the motor vehicle code provision, N.J.S.A. 39:3-40, addressing persons who drive while their license is suspended, when read together are unconstitutionally vague and his motion to dismiss the indictment should have been granted as a result. We disagree because there was nothing vague or ambiguous regarding defendant's indictment under N.J.S.A. 2C:40-26.

We start with the strong presumption in favor of a statute's constitutionality. State v. Muhammad, 145 N.J. 23, 41 (1996). "That presumption is 'particularly daunting when a statute attempts to protect the public health, safety, or welfare.'" State v. Lenihan, 219 N.J. 251, 266 (2014) (quoting In re C.V.S. Pharmacy Wayne, 116 N.J. 490, 497 (1989)). A party challenging the constitutionality of a statute bears the burden of proving a constitutional violation "beyond a reasonable doubt." Muhammad, 145 N.J. at 41. "Even where a statute's constitutionality is 'fairly debatable, courts will uphold' the law." Lenihan, 219 N.J. at 266 (quoting Newark Superior Officers Ass'n v. City of Newark, 98 N.J. 212, 227 (1985)).

Constitutional due process is violated when a statute is vaguely drafted such that a "person of ordinary intelligence" is unable to discern what the law commands or prohibits. State v. Cameron, 100 N.J. 586, 591 (1985) (quoting

Grayned v. City of Rockford, 408 U.S. 104, 108-09 (1972)). A criminal statute is unconstitutionally vague and violates due process if it fails "to provide notice and warning to an individual that his or her conduct could subject that individual to criminal or quasi-criminal prosecution." State v. Hoffman, 149 N.J. 564, 581 (1997) (citing Screws v. United States, 325 U.S. 91, 101-02 (1945)). A penal statute is constitutional if the statute presents a complete definition of the criminal act and the corresponding punishment. State v. Manzie, 168 N.J. 113, 116-17 (2001).

Defendant argues that because N.J.S.A. 2C:40-26 and N.J.S.A. 39:3-40 can both be applied to punish recidivist DWI offenders who drive with a suspended license, the statutes "cause confusion to any reasonably intelligent reader as to what penalties one would be exposed to if caught driving on the suspended list for a DWI conviction or subsequent DWI conviction."

The judge correctly determined the two statutes are different and punish different conduct such that a person of ordinary intelligence is informed of the prohibited activity and the consequences for engaging in that unlawful conduct. N.J.S.A. 39:3-40 prohibits a person whose license has been suspended from operating a motor vehicle during the suspension. A person who violates this statute for driving while suspended for a DWI conviction shall be fined $500.

A-3638-18T2

Additionally, the person shall have his or her license to operate a motor vehicle suspended for a time period between one and two years and imprisonment in the county jail for a time period between ten days and ninety days.

Under the criminal statute, N.J.S.A. 2C:40-26, it is a fourth-degree crime if a defendant drives while suspended pursuant to a "second or subsequent" DWI violation. If a defendant is convicted under this statute, the court must impose a "fixed minimum sentence of not less than 180 days during which the defendant shall not be eligible for parole." N.J.S.A. 2C:40-26(c).

The criminal statute accords stiffer penalties for persons, such as defendant, who continue to drive despite multiple DWI license suspensions. A plain reading of N.J.S.A. 2C:40-26 provides adequate notice to persons of ordinary intelligence that an individual who drives while suspended in connection with a second or subsequent DWI shall be sentenced to a prison term of not less than 180 days. The criminal statute is clear that driving while suspended for a second or subsequent DWI conviction subjects the offender to a specific term of imprisonment.

Additionally, in this case, defendant received both a written and verbal explanation of the consequences of driving while suspended on February 10, 2012 when he pled guilty to his third DWI. Defendant admitted to signing a

written notice, advising that if he were convicted of driving on a DWI-related license suspension, he could "be subject to penalties under N.J.S.A. 39:3-40 (traffic offense) or N.J.S.A. 2C:40-26 (4th degree crime) depending on the circumstances surrounding [the] violation." The notice further advised defendant that if found guilty under the criminal statute, he "[would] be subject to a term of mandatory imprisonment up to [eighteen] months, of which at least [six] months shall be served without parole. Additional penalties may also be imposed . . . based on the exact nature of your charges." By signing the notice, defendant acknowledged he had been informed of these potential consequences "orally in open court." Because defendant had actual notice of the prohibited conduct and the penalties for engaging in that conduct, the two statutes are not unconstitutionally vague as applied to him.

We next consider defendant's contention that since the prosecutor has "unfettered and unbridled discretion" in electing whether to prosecute defendant under N.J.S.A. 39:3-40 or N.J.S.A. 2C:40-26, exposing defendant to different punishments, his constitutional right to due process was violated. Prosecutorial discretion in deciding sentencing exposure does not render application of the more punitive statute unconstitutionally arbitrary. See State v. T.C., 347 N.J. Super. 219, 231 (App. Div. 2002). The decision to charge a defendant under

one of two or more "overlapping" statutes, where one statute may carry a harsher penalty for substantially similar or even identical conduct, "generally rest[s] in the prosecutor's discretion." Id. at 229.

Unlike the motor vehicle code provision, N.J.S.A. 39:3-40, the criminal statute, N.J.S.A. 2C:40-26, serves a more specific and punitive legislative purpose in situations warranting the more serious charge to be applied, such as when a defendant has more than one prior DWI conviction. The Legislature enacted N.J.S.A. 2C:40-26 in response to reports that recidivist DWI offenders driving on suspended licenses were responsible for serious or fatal traffic accidents. See State v. Carrigan, 428 N.J. Super. 609, 614 (App. Div. 2012). Recognizing public safety concerns related to DWI offenders who continue to drive despite license suspension, the Legislature "narrowed the field of persons against whom charges could be lodged," State v. Perry, 439 N.J. Super. 514, 525 (App. Div. 2015), and "stiffened the sanction" for recidivist DWI offenders, Carrigan, 428 N.J. Super. at 613. Given defendant's history of DWI convictions in this case, the prosecutor appropriately exercised his discretion in deciding to charge defendant under the more punitive criminal statute.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3638-18T2